| | |
|---|---|
| SOCORRO CALDERON, | NO. 12-CV-1781-MMA(PCL) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**; |
| v. | [Doc. No. 20] |
| | **DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**; |
| TARGET CORPORATION, | [Doc. No. 22] |
| Defendant. | **GRANTING DEFENDANT'S REQUEST FOR REASONABLE EXPENSES PURSUANT TO FED. R. CIV. P. 16(f)(2)** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

This action arises out of events occurring at a Target store in El Centro, California. Plaintiff Socorro Calderon ("Plaintiff") fell from a stool while shopping at the store, allegedly suffering injuries. Plaintiff filed suit against Defendant Target Corporation ("Target") for negligence and premises liability. Target moves for summary judgment in its favor as to both causes of action. Plaintiff does not oppose Target's motion. She concedes her claims are not viable and instead moves for leave to file an amended complaint substituting new causes of action. Target opposes Plaintiff's motion to amend and requests an award of reasonable expenses incurred in opposing the motion.

For the reasons set forth below, the Court **GRANTS** Target's summary judgment motion, **DENIES** Plaintiff's motion for leave to file an amended complaint, and **GRANTS** Target's request for reasonable expenses pursuant to Federal Rule of Civil Procedure 16(f)(2).

## I. BACKGROUND

On January 28, 2012, Plaintiff and her friend arrived at the Target store located at 2295 North Imperial Avenue in El Centro, California.[1] Plaintiff went directly towards the back of the store to shop for a stool. Plaintiff found a stool of interest in the mini-seasonal/lawn and patio section of the store. The stool was on display on a middle shelf, outside a box, and was completely open and assembled. Plaintiff decided to test the stool before she purchased it. When she first saw the stool on the shelf, she did not see anything visibly wrong with it, and it appeared to be in working condition. Additionally, she did not observe any scratches, tears, or missing pieces. She used both hands to take the stool off the shelf and put it on the ground. At that point, she did not feel anything on the stool that indicated it was broken or otherwise defective. When she set the stool on the ground, she placed her hands on the top and applied some pressure to it before sitting. She did this to assure herself that the stool was safe to sit on.

After Plaintiff inspected the stool, she sat on it. As she sat, the stool collapsed with her on top of it, causing her to fall straight down onto her buttocks and hit the back of her head on the shelf behind her. The allegedly defective stool was completely flattened on the ground, but it was still in one piece. No screws, pieces of plastic, latches, or any other component parts had fallen off. Plaintiff stood up, picked up the stool, and put it back on the shelf. She did not observe any broken pieces anywhere in the surrounding area.

---

[1] The Background section of this Order largely tracks Defendant's Summary of Undisputed Facts, which is supported by the record and has not been disputed or objected to by Plaintiff. *See* Doc. No. 20-5.

1       Plaintiff walked toward the front of the store, found a Target employee, told
2 him she had fallen due to the collapse of a green stool while she was sitting on it,
3 and pointed to the general area where she fell. The employee instructed Plaintiff to
4 walk to the front of the store and report the incident to Guest Services, which she
5 did. The Target Team Leader on Duty, Candice Bixler, attended to Plaintiff. Ms.
6 Bixler discussed the incident with Plaintiff and filled out a Target Guest Incident
7 Report with her. Plaintiff did not ask anyone to accompany her to report the
8 incident, nor did she request anyone stay behind with the stool. After completing the
9 Target Guest Incident Report, Plaintiff declined any medical care and left the store.

      Immediately after Plaintiff reported the incident, Ms. Bixler conducted an
inspection of the mini-seasonal/patio section and surrounding areas where the
incident occurred. Ms. Bixler walked through the entire mini-seasonal area, aisle by
aisle, looking for a broken stool or chair. She looked on each of the shelves and
inspected one of the end-caps stocked with green chairs to see if a team member
possibly folded it and put it back up. She looked at the garden area outside the store,
the back room, and the compactor section where a broken stool could be deposited.
She followed Target protocol requiring the Leader on Duty to physically feel the
ground throughout the area and see if there was anything that could have made the
floor slippery. Ms. Bixler touched the floor of every aisle in the mini-seasonal
section to feel for a potential slippery or dangerous condition on the floor that could
have caused the alleged incident, but found none.

      Ms. Bixler then checked with the Guest Service Team Leader at the front of
the store where stray merchandise is placed, but there was no sign of a green chair or
stool. She coordinated with the asset protection team to determine whether there
was any video surveillance of the incident, but there was none. Ms. Bixler looked in
areas where someone might hide or place a broken stool on the floor area but out of
normal sight. She did not locate or identify any broken green stool anywhere in the
store. She thereafter interviewed every Target employee on duty to inquire whether

anybody had helped a customer in the mini-seasonal area, had seen the incident, picked up a defective or broken stool, or seen anything out of the ordinary. All reports were negative.

The El Centro Target requires the designated Leader on Duty to conduct a safety walk of the entire store and look for any hazards or debris and attend to guests every hour. On the day of the incident, Ms. Bixler was the Leader on Duty working on the sales floor all day. She had been through the mini-seasonal area several times during the day, and she did not notice a dangerous condition or the defective stool. In fact, Ms. Bixler walked through the mini-seasonal area within 30 minutes of the incident, and she did not notice, see, or identify any broken or defective stool. No one had reported a broken or defective stool before the incident.

On June 1, 2012, Plaintiff initiated this suit against Target in state court, seeking an unspecified amount of economic and noneconomic damages for general negligence and premises liability. Thereafter, Target discovered that Plaintiff estimated her special damages to be in excess of $100,000. Target timely removed the action. *See Notice of Removal*, Doc. No. 1. On July 1, 2013, Target filed a motion for summary judgment in its favor as to both of Plaintiff's claims. *See* Doc. No. 20. The deadline to complete fact discovery expired on July 5, 2013. *See Scheduling Order*, Doc. No. 11. Target argues that after conducting all fact discovery, including the depositions of Plaintiff and multiple Target employees, there is no evidence to show Target had actual or constructive knowledge of a "dangerous condition" created by the stool. Target asserts that Plaintiff's claims fail on this basis.

On July 17, 2013, Plaintiff filed a Notice of Non-Opposition to Target's motion for summary judgment contemporaneously with a motion requesting leave to file an amended complaint. *See* Doc. Nos. 21, 22, 25. Plaintiff allows that her claims for negligence and premises liability fail based on the lack of any evidence to show that Target's employees had actual or constructive knowledge of a dangerous

condition in the store.  However, Plaintiff urges the Court not to dismiss the action.
Plaintiff seeks leave to file an amended complaint to allege causes of action for strict
products liability and breach of implied warranty arising out of the same incident.
Target opposes Plaintiff's motion, arguing that amendment is procedurally improper
and substantively futile.  *See* Doc. No. 29.  Target requests dismissal of this action
with prejudice.

## II.  DISCUSSION

### A.  Target's Motion for Summary Judgment

#### *1.  Legal Standard*

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The moving party bears the initial burden of presenting the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party who must demonstrate the existence of a factual dispute.  The fact in contention must be material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and the dispute must be genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.* at 250; *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).

Federal Rule of Civil Procedure 56(e) permits a district court to consider unopposed facts admitted for purposes of the motion and further allows a court to "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P.

56(e)(2)-(3). However, summary judgment should not be entered merely because a party fails to file an opposition, and the Court still must analyze whether the moving party adequately contends the absence of triable issues of fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993); *see also Scarff v. Intuit, Inc.*, 318 Fed. App'x 483, 486 (9th Cir. 2008).

*2. Analysis*

Target moves for summary judgment on the ground that there is no material dispute of fact as to whether its employees had the requisite notice of a dangerous condition created by the stool. As mentioned above, Plaintiff does not oppose the motion and admits that she does not have the evidence necessary to prove this element of her claims.

To prevail on her negligence and premises liability claims at trial, Plaintiff must establish duty, breach, causation, and damages. *Ortega v. Kmart Corp.*, 36 P.3d 11, 14 (Cal. 2001). In *Howard v. Omni Hotels Mgmt. Corp*, 203 Cal. App. 4th 403 (2012), the California Court of Appeal set forth the applicable standard for these related causes of action:

> Commercial property owners are not insurers of the safety of their patrons, although they owe the patrons duties to exercise reasonable care in keeping the premises reasonably safe. To exercise a degree of care that is commensurate with the risks involved, the owner must make reasonable inspections of the portions of the premises open to customers. An owner is liable for harm caused by a dangerous condition, of which the owner had actual or constructive knowledge. An injured plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it, but failed to take reasonable steps to do so. One way to carry that burden is to raise an inference that the hazardous condition existed long enough for the owner to have discovered it, if an owner exercising reasonable care would have learned of it.

*Howard*, 203 Cal. App. 4th at 431 (internal citations and quotations omitted).

Here, Target adequately establishes the absence of a triable issue of fact regarding an essential element of Plaintiff's claims. The evidence shows that Target employees on duty at the time of the incident did not have pre-existing actual or constructive knowledge of a dangerous condition caused by the stool. Uncontested

deposition testimony demonstrates that Target employees exercised ordinary care in making reasonable inspections of the portions of the store open to customers. Moreover, Plaintiff's own testimony establishes that any purported defect in the stool was so well hidden that even she did not discover it upon initial observation and inspection.

Accordingly, Target is entitled to summary judgment in its favor as to Plaintiff's negligence and premises liability claims.

**B.      Plaintiff's Motion for Leave to Amend**

*1.      Legal Standard*

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading should be granted as a matter of course, at least until the defendant files a responsive pleading. After that point, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1159 (9th Cir. 1989).

Once the court issues a pretrial scheduling order and the deadline for amending pleadings has passed, Rule 16 provides a more stringent standard of review. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Pursuant to Rule 16(b), "the scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions," after which "the schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3),(4).

Under Rule 16(b)'s good cause standard, the court's primary focus is on the movant's diligence in seeking the amendment. *Johnson*, 975 F.2d at 609. "Good cause" exists if a party can demonstrate that the schedule or deadline to amend the pleadings "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*, citing Fed. R. Civ. P. 16 advisory committee's notes (1983

amendment). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citations omitted). If the party seeking modification was not diligent in his or her pretrial preparations, the inquiry should end there and the measure of relief sought from the Court should not be granted. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609. The party seeking to continue or extend the deadlines bears the burden of proving good cause. *See Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 608.

    *2.    Discussion*

Plaintiff urges the Court not to dismiss this action prior to granting her leave to file an amended complaint. Plaintiff seeks to add two new causes of action for strict products liability and breach of implied warranty. She cites the liberal standard for amendment under Rule 15(a) and asserts that Target will suffer no prejudice as a result. Target opposes Plaintiff's motion, arguing that she fails to demonstrate good cause for amendment under Rule 16(b). Target also contends that amendment would be futile and prejudicial to Target. In reply, Plaintiff acknowledges the applicability of Rule 16(b) and argues that she meets its standard. She also asserts that amendment would not be futile and Target would suffer only insubstantial prejudice.[2]

As noted above, Rule 16(b) requires a demonstration of "good cause," which depends primarily on the diligence of the moving party. *Johnson*, 975 F.2d at 609. While Plaintiff does not speak directly to the diligence requirement, she argues that she did not anticipate the need to amend her complaint until March 2013. It was

---

[2] Target objects to evidence newly submitted by Plaintiff in support of her reply brief. *See* Doc. No. 32. This practice is certainly disfavored, however, the Court overrules the objection.

only then that she discovered she would be unable to prove her negligence and premises liability claims. Plaintiff's argument is not persuasive. First, Plaintiff fails to explain why she waited until July 2013 to seek leave to amend, more than five months after the February 4, 2013 deadline for amendment expired and approximately four months after she purportedly learned her claims were not viable.

Second, and more importantly, Plaintiff was not diligent in seeking amendment to add the proposed new claims because she was aware of the facts and theories supporting amendment since the inception of the action. *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 737 (affirming denial of leave to amend). The focus of the diligence requirement is when a party learns facts that form the basis for the proposed claims – not when the party realizes that the original claims necessarily will fail due to a lack of proof. Here, discovery did not yield new evidence or information giving rise to the proposed claims, both of which Plaintiff could have alleged at the outset of this case. Her failure to bring the proposed claims in a timely manner is precisely the type of unjustified delay that is incompatible with a finding of diligence.

Although the finding of Plaintiff's lack of diligence ordinarily ends the inquiry, the Court also finds that in addition to the absence of good cause, allowing Plaintiff to amend her complaint would be prejudicial to the defense. Target has litigated this matter for over a year and fact discovery is complete. Target's discovery to date has been tailored to the claims made in Plaintiff's original complaint. If a court allows a plaintiff's claims to change very far downstream, the defendant is almost always prejudiced and that would certainly be the case here.

Finally, the Court notes that amendments may not be used as a device to prevent the efficient resolution of a case. The Ninth Circuit has held that it is not an abuse of discretion to deny leave to amend to add a claim "raised at the eleventh hour after discovery was virtually complete and the [defendant's] motion for summary judgment was pending before the court." *Roberts v. Arizona Board of*

*Regents*, 661 F.2d 796, 798 (9th Cir. 1981). The procedural posture considered by the *Roberts* court mirrors the status of this action. Where, as here, a party proposes amendments after a summary judgment motion has been filed, the court must look closely to determine whether the proposed amendments are a tactic to prevent termination of the case on summary judgment. *Schlacter-Jones v. General Telephone of California*, 936 F.2d 435, 443 (9th Cir. 1990). Target seeks summary judgment as to all of Plaintiff's current claims. If Plaintiff is allowed to amend her complaint now, she will have effectively evaded the termination of her lawsuit on summary judgment. This litigation strategy is questionable at best, and at worst, suggests dilatory motive.

In sum, Plaintiff fails to meet her burden under Rule 16(b) to demonstrate good cause for amendment of her complaint at this stage of the proceedings. Furthermore, amendment would be prejudicial to Target.[3] As such, the Court denies Plaintiff leave to file an amended complaint.

**C.  Target's Request for Reasonable Expenses**

Target requests an award of reasonable expenses, including attorney's fees in the amount of $4,345.00, incurred in opposing Plaintiff's untimely motion to amend her pleadings. Rule 16(f)(1)(C) provides that a court may impose a non-monetary sanction as a result of the failure of a party or attorney to comply with a scheduling order. Fed. R. Civ. P. 16(f)(1), citing Fed. R. Civ. P. 37(b)(2)(A)(ii)-(iiv). Pursuant to Rule 16(f)(2), however, "the court *must* order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2)

---

[3] Because the Court finds that Plaintiff has not met the stringent standard of Rule 16(b) and Target would suffer prejudice if the Court allowed Plaintiff to amend her complaint, the Court does not reach Defendant's alternative arguments that Plaintiff's proposed amendments would be futile and amendment is barred by res judicata.

(emphasis added).

Rule 16(f) "was designed not only to insure the expeditious and sound management of cases for trial, but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'" *Martin Family Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999), quoting *Mulkey v. Meridian Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992).

Here, Plaintiff's failure to comply with the February 4, 2013 deadline for filing a motion to amend her complaint was due to her attorney's lack of diligence and questionable litigation strategy. "Courts should assign costs 'where the fault lies.'" *Sally Beauty Co. v. Beautyco, Inc.*, 372 F.3d 1186, 1189 (10th Cir. 2004), citing *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc). Therefore, Plaintiff's counsel alone should bear the costs, which the Court must award to Target unless counsel's noncompliance with the scheduling order deadline was "substantially justified" or an award of expenses would be "unjust." Fed. R. Civ. P. 16(f)(2).

As explained previously, the Court finds that the failure to file a timely motion to amend was due to a lack of diligence, so Plaintiff's counsel's noncompliance with the scheduling order is not substantially justified. Nor does Plaintiff provide any basis for the Court to find an award of expenses unjust. Target included the request for reasonable expenses in the body of its opposition brief. Plaintiff had notice of the request and sufficient opportunity to respond in her reply brief, but did not do so.

Target supports its request for reasonable expenses with the Declaration of lead counsel, Peter J. Schulz. *See* Doc. No. 29-1. Determination of the amount of attorney's fees to award typically involves calculating the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433-434 (1983). According to Mr. Schulz, his

1  standard hourly billing rate for legal work is $340 per hour; that of his associate,
2  Farah M. Khaireddin, is $190 per hour. *Id.* ¶ 5. However, due to his firm's
3  relationship with Target, the work on this case was billed at "a significantly
4  discounted rate" of $170 per hour for Mr. Schulz and $150 per hour for Ms.
5  Khaireddin. *Id.* Based on the 25 hours spent by Ms. Khaireddin preparing the
6  opposition to Plaintiff's motion, and the 3.5 hours spent by Mr. Schulz reviewing the
7  opposition prior to filing, Target requests an award of $4,345.00 in attorney's fees.
8  *Id.* ¶ 6.

The Court finds both the hours expended and the hourly rates reasonable. However, the Court retains discretion to determine the ultimate amount of the award. *Hensley*, 461 U.S. at 437. Upon due consideration, the Court awards Target attorney's fees in the amount of $2,250.00, calculated as 15 hours spent by Ms. Khaireddin preparing the opposition to Plaintiff's motion at her billing rate of $150 per hour.[4]

///

---

[4] These 15 hours (or approximately 60% of Ms. Khaireddin's time) are satisfactorily representative of the time expended opposing Plaintiff's motion on the specific grounds of untimeliness and procedural impropriety. In the event Plaintiff had filed a timely motion, Ms. Khaireddin would have reasonably expended at least 10 hours preparing an opposition on other grounds. The time expended by Mr. Schulz reviewing Ms. Khaireddin's work would presumably have been similar to the amount of time spent under the present circumstances.

### III.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Target's motion for summary judgment, **DENIES** Plaintiff's motion for leave to file an amended complaint, and **GRANTS** Target's request for attorney's fees pursuant to Rule 16(f)(2).  The Court awards Target attorney's fees in the amount of **$2,250.00**.  The fee award shall be paid by Plaintiff's counsel, only, directly to counsel for Target, on or before *September 13, 2013*.

The Clerk of Court shall enter judgment in favor of Target as to all claims and terminate the case.

**IT IS SO ORDERED**.

DATED:  August 15, 2013

*[signature]*

Hon. Michael M. Anello
United States District Judge